LONG, Respondent, v. GILLIAM *et al.*, Appellants.

1. A. conveyed to B. a slave in trust to secure and indemnify the latter against loss by reason of his being security for A. B. acting under a power in the deed of trust sold said slave to C., taking a bond to himself "as trustee of A." for a portion of the purchase money. The slave was afterwards taken from the possession of C. by the true owner from whom A. had stolen him. *Held,* that there was a failure of consideration of the bond, and payment thereof could not be enforced against C.

*Appeal from Chariton Circuit Court.*

This was an action on a bond executed by the defendants, whereby they promised to pay plaintiff, "Richard Long, trustee for Benjamin E. Horne," the sum of two hundred and six dollars. The error complained of is the striking out, on motion of plaintiff, of the answer of the defendants. In this answer the defendants allege, substantially, that the plaintiff, assuming to act as trustee for one Benj. E. Horne, sold a certain slave to Isham R. Gilliam, one of the defendants, for eight hundred and twenty-six dollars ; that said Isham R. Gilliam at the time of sale paid to plaintiff six hundred and twenty dollars, and executed the bond in suit, with the other defendants as securities, for the balance of the purchase money ; that said Horne in his said deed of trust conveyed said negro with other property to the plaintiff to secure and indemnify him against loss by reason of plaintiff's being his (Horne's) security, the said Horne covenanting

and representing that he was the owner for life of said slave; that plaintiff, as the agent and trustee of said Horne, sold said slave to said defendant on a credit, and conveyed the said slave to him by bill of sale, as the deed authorized him to do ; that the only consideration for said bond was the balance due on said sale ; that at the time of the execution of said deed and at the time of said sale neither the said Horne nor the plaintiff had any title to the slave, but that the said slave was and is the property of one Bibb of the state of Mississippi, from whom said Horne had stolen him ; that said Bibb, by virtue of his said ownership, has taken said slave from the possession of said defendant, who has entirely lost said slave ; that the consideration of said bond has entirely failed.

*Prewitt & Davis*, for appellant.

I. The title to the slave having failed, there is no consideration for the promise, and the plaintiff is not entitled to recover. The title is presumed to be warranted. The trustee acted as the agent of Horne. In his bill of sale he refers expressly to Horne's deed to himself. (9 Mo. 840 ; 21 Mo. 338 ; Story on Sales, 423 ; Burrill on Assign. 462 ; 3 Sumn. 8 ; 21 Mo. 72.)

*Turner*, for respondent.

I. There is no pretence that Long was guilty of any fraud in the sale of the slave, or had any knowledge of the defect in the title. He only undertook to sell such title as was conveyed to him by the deed of trust, without warranting it. The purchaser can not avoid paying the purchase money on the ground of a failure of title. He risked the title without warranty. In official and fiduciary sales there is no implied warranty of title. (9 Wheat. 616 ; 8 Porter, 134 ; 1 Pars. on Contr. 456 ; 10 Mo. 157 ; 14 Mo. 153 ; 25 Mo. 572 ; 4 J. J. Marsh. 299.) The sale in this case was analogous to execution or administration sales. The maxim *caveat emptor* applies. Long was not acting as Horne's agent, but as a trustee for the benefit of creditors. Even if there had

been a warranty, the defence would not be good without a a lawful eviction. (Morrison v. Edgar, 16 Mo. 411.) The voluntary surrender of the property is not sufficient.

SCOTT, Judge, delivered the opinion of the court.

There is no attempt in this case to make the trustee personally liable on any warranty express or implied, and in this respect it is distinguishable from those cited by the plaintiff's counsel. If Horne, the grantor in the trust deed, had sold the slave without the intervention of a trustee, it would hardly be maintained that he could recover his value from the purchaser. If one steals property, he must know that he has no title, and a sale by the thief is a fraud on the purchaser, which will avoid the transaction. We do not consider the case is bettered by the interposition of a trustee, who is a mere volunteer, an agent of the grantor in the trust deed. That the trust was for the benefit of the trustee can make no difference. If a vendor can not make a title himself, it would be singular that the law should enable him to do it by the intervention of a trustee or agent. If the law is otherwise, fraudulent men have discovered a way which would be an easy one of paying their debts.

The other judges concurring, the judgment is reversed and the cause remanded.